﻿Citation Nr: AXXXXXXXX
Decision Date: 02/13/19 Archive Date: 02/13/19

DOCKET NO. 181022-1015
DATE: February 13, 2019

ORDER

Entitlement to service connection for Parkinson’s disease is granted.

FINDING OF FACT

Resolving all reasonable doubt in his favor, the Veteran’s Parkinson’s disease is at least as likely as not related to or the result of his in-service exposure to contaminants in the water supply at Anderson Air Force Base (AAFB).

CONCLUSION OF LAW

With resolution of all reasonable doubt in the Veteran’s favor, the criteria for entitlement to service connection for Parkinson’s disease have been met. 38 U.S.C. § 5107; 38 C.F.R. §§ 3.102, 3.303.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, RAMP, the Rapid Appeals Modernization Program.

The Veteran served on active duty from May 1964 to May 1968. He selected the Higher-Level Review lane when he submitted the RAMP election form. Accordingly, the August 2018 RAMP rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely selected evidence-submission processing. The 90-day time period to submit evidence has elapsed, and this appeal ensued.

Entitlement to service connection for Parkinson’s disease 

The Veteran has a current diagnosis of Parkinson’s disease during the appeal period, as noted in his VA treatment records. As a result, the Board finds the element of a current disability has been met in this case.

Consequently, resolution of this appeal turns instead on whether there also is the required attribution of the Parkinson’s disease to the Veteran’s military service. The Veteran asserts service connection is warranted for his Parkinson’s disease, in part, due to exposure to concentrations of trichlorethylene (TCE) while stationed at AAFB in Guam. In a June 2018 statement, he specified that he drank water contaminated with TCE at AAFB. His service personnel records confirm that he was stationed at AAFB from December 1965 to December 1967.

In June 2018, the Veteran submitted a May 1978 General Accounting Office (GAO) report noting that in 1978 AAFB officials discovered that the base’s drinking water was contaminated with TCE. 

The electronic claims file also includes a January 2018 private opinion by the Veteran’s neurologist in support of this claim. He acknowledged the GAO report, as well as an Environmental Protection Agency (EPA) cite narrative for AAFB stating the base has been operational since the 1940s and “substances known to be involved in AAFB’s operations, include solvents such as TCE”. He indicated that the Veteran did not have any other significant risk factors for Parkinson’s disease, and citing to medical literature supporting his findings, this commenting neurologist opined that the Veteran’s Parkinson’s disease consequently is at least as likely as not due to exposure to TCE in service. 

(Continued on the next page)

 

The Board has assigned a lot of probative weight to the January 2018 private medical opinion, since accompanied by rationale citing to supporting factual data. Therefore, especially when resolving all reasonable doubt in favor of the Veteran, the Board finds that his Parkinson’s disease is attributable to his in-service exposure to contaminants in the water supply at AAFB. There is no affirmative evidence to the contrary. As a result, service connection is warranted for the Parkinson’s disease on a direct-incurrence basis. See 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.102, 3.303.

 

KEITH W. ALLEN

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD P. Poindexter, Associate Counsel